Per Curiam.

The petitioners exhibit a strong claim in justice tc a rehearing of their cause. But, they seem to be without legal remedy. Were we to grant them a review, we are not able to » conceive by what course of proceedings we could set aside the award of the referees. The proceedings are entirely regular in point of form. Were they brought before us by an order on this petition, they would not show any common law action. There would be no declaration, no plea, nor issue, nor judgment. We could not compel the respondents to file a declaration, upon which the petitioners could plead to issue. In truth, the parties, from the beginning, selected another forum ; they submitted the question between them to judges of their own choosing; they never intend ed to have the question decided at law. To entertain the cause here, would be utterly changing the whole ground upon which the parties have voluntarily placed themselves. Upon the facts disclosed, and which hitherto we have taken as not denied, the petitioners have a very hard case, and * are suffer-mg great injustice. But it is the effect of their own conduct, in putting their cause out of the course of the common law. Cases of equal hardship frequently occur, from causes not dissimilar to that in the present case. They are, however, out of our power to remedy. Had fraud been shown in any stage of the proceedings, the petitioners might have obtained relief; but here was nothing more than mistake.
The petitioners can take nothing by their petition.
Lincoln for the respondents.