Weld *v.* Sabin.

## WELD *v.* SABIN.

A second mortgagee, paying the first for his own security, acquires his rights under the mortgage; and it is immaterial whether all of the joint mortgagers are personally bound to pay the debt secured, or only some of them.

A review will not be granted in an action in which judgment has been rendered through accident and misfortune, if no injustice has been done.

Whether a review can be granted of the "action against tenants," *quære?*

PETITION, representing that Daniel Weld, on the 19th day of March, A. D. 1834, conveyed his farm, in Cornish, of the value of three thousand dollars, to his two sons, Daniel Weld, Jr., and Moses Weld; who, on the same day, re-conveyed the same farm to the petitioner and his wife, Lydia Weld, with a condition for the support of the petitioner and his wife, during their lives; and one of the conditions was that they might occupy such part of the dwelling-house as they might deem needful for them; that the said Daniel Weld, Jr. and Moses Weld, afterwards, on the 10th day of January, A. D. 1835, for the purpose of raising a certain sum of money for their own use, mortgaged the same premises to one Libbeus Chase, and that the petitioner was persuaded to join in

said mortgage; which said last mentioned mortgage was afterwards, on the 8th day of March, A. D. 1845, paid and discharged; that on the 24th day of November, A. D. 1835, the said Moses Weld released and quitclaimed all his right, title and interest in the premises to the said Daniel Weld, Jr.; that on the 6th day of April, A. D. 1836, the said Daniel Weld, Jr., to raise a further sum of money for his own use, mortgaged the same premises to one Silas H. Sabin, in which the petitioner did not join, nor his wife; that the petitioner and his wife have during all their lives remained in and occupied a part of the dwelling-house; that in the month of March, A. D. 1845, the said Daniel Weld, Jr., failing to fulfill the conditions of the mortgage given by him and the said Moses Weld to the petitioner and his wife, surrendered up, and the petitioner and his wife took possession of said premises, for the purpose of foreclosing the equity of redemption, and they still retain the possession of the dwelling-house; that on the 16th day of May, A. D. 1845, the said Silas H. Sabin sued out his writ of summons, under the provisions of chapter 209 of the Revised Statutes, returnable on the 24th day of said May, A. D. 1845, at the office of James M. Gates, in Claremont, at one of the clock in the afternoon, against the petitioner and the said Daniel Weld, Jr.; and that, on the service of said precept, they went to Claremont, and retained Thomas Leland as counsel to defend the suit. He informed them that as the right and title to the premises could be brought in question, the justice could not try it, and that the pleadings should be filed, and satisfactory bonds given, and the case carried up to the Court of Common Pleas, and that one of them could appear, with sufficient sureties. The said Daniel Weld, Jr., on his return home stated to the petitioner that as he was old and infirm, he, the said Daniel Weld, Jr., would take charge of the suit, procure the bondsmen, appear at court, and see that everything was done according to the directions of the

counsel, and that the petitioner need to be at no further charge and trouble about it; and the petitioner, confiding in the representations of the said Daniel Weld, Jr., made to him, supposed everything would and had been done proper and necessary for a fair hearing and trial, till after the day of hearing had passed, when he was informed for the first time by his son that he did not appear, nor had he attended to the suit, as he agreed; that in consequence of the neglect of the said Daniel Weld, Jr., judgment was rendered against the petitioner and the said Daniel Weld, Jr., and a writ of possession issued thereon, which has been executed; and that the said Sabin is in possession of the premises except the dwelling-house, and by this misfortune, accident and mistake, the petitioner has been unjustly injured and deprived of his right, and prayed for leave to bring a writ of review.

It appeared that the facts were substantially as stated in the petition. It also appeared that after Chase had obtained a writ of possession, and had entered and leased the premises to Daniel Weld, Jr., to hold for one year, for the purpose of foreclosing the mortgage, Sabin, holding his mortgage described in the petition, applied to Chase, and desired to know the amount of his mortgage; and on the 8th day of March, 1845, paid the same, to the amount of over seven hundred dollars. At the time of paying the money he requested Chase to assign the mortgage to him, informing him that he held a subsequent mortgage; but Chase declined to do this, and under the direction of counsel made a release of his interest in the premises.

*Leland*, for the petitioner.

*Cushing*, for the defendant.

GILCHRIST, J. It appears that proceedings were commenced by Sabin against the petitioner and another, under

the Revised Statutes, chapter 209, providing an "action against tenants." It also appears that the defendants in the process suffered default through the omission of one of them, Daniel Weld, Jr., to give the attention to the matter which he had promised the petitioner to give. The consequence has been that Sabin has taken out his writ of possession, and taken possession of the land by means of it. The petitioner having thus, through misfortune, failed to have a hearing of his cause, brings his petition to this court for a review, according to the provisions of the Revised Statutes, chapter 192.

Without pausing to inquire whether this is such a case as would admit of relief in the form of a review, to which form of remedy the court seem to be limited in the statute referred to, (*Dickinson* v. *Davis*, 4 Mass. 520; *Borden* v. *Borden*, 7 Mass. 93; *Stone* v. *Davis*, 14 Mass. 360; *Pope* v. *Pope*, 4 Pick. 129; *Smith* v. *M'Daniel*, 15 N. H. 474) we shall consider the petitioner's case as if no such technical difficulty intervened.

The estate in regard to which the controversy has arisen was at one time the property of Moses Weld and Daniel Weld, Jr., subject to a mortgage which had been made to the petitioner and his wife, to secure their support for life. Daniel Weld, Jr., and Moses Weld having that interest in the farm on the 10th day of January, 1835, mortgaged it to Chase to secure a sum of money which he advanced to them, and the petitioner joined in that mortgage. Moses Weld soon after released his interest to Daniel Weld, Jr., who, on the 6th day of April, 1836, mortgaged the same to Sabin.

On the 8th of March, 1845, Sabin paid the mortgage which Chase held, at the same time requesting Chase to assign it to him, which Chase declined to do, and executed a release of the premises, as advised by counsel. A question is made as to what right Sabin acquired by the act of paying the mortgage.

It is perfectly well settled that when a mortgagee, for his own protection, discharges an elder mortgage, or other incumbrance, he becomes entitled to treat such mortgage as if it were assigned to him, and that he becomes substituted in the place of such incumbrancer, and may enforce the lien accordingly. *Robinson* v. *Leavitt,* 7 N. H. 100; *Page* v. *Foster,* 7 N. H. 392.

An attempt is made in the argument to distinguish this from ordinary cases in which the rule is applicable, by the fact that although the petitioner joined in the mortgage, he owed no part of the debt. But we think this not to be a material feature. The mortgage made to secure the debt attends it, into whose hands soever the debt passes, whether by assignment in fact, by intestacy, or by force of the equitable principle of substitution which has been referred to; and by this is meant the mortgage that was made, and not a mortgage of a less estate.

The rule extends as well to mortgages made to secure debts other than those of the mortgagor, as to those which individuals make to secure debts contracted by themselves; and there is no difference between the two kinds, nor is the distinction which has been taken by counsel sustained by any authority to which we have been referred.

Sabin, therefore, having by paying the debt due to Chase acquired his rights under the mortgage, had the right of a mortgagee to immediate possession of the premises mortgaged; and this seems to be all that he has acquired by the default of the petitioner, or of the party to whom he entrusted the conduct of his defence.

The petition does not suggest that he had a defence to the process; much less does it point out what that defence is. It states, indeed, that the mortgage to Chase had been paid, and that the petitioner's title was better than that which Sabin acquired under the mortgage of Daniel Weld, Jr., to him; but the payment of Chase's mortgage

has been seen to be merely equivalent to an assignment of it to Sabin.

Nothing could possibly be gained, in the promotion of justice, by granting to the petitioner a review upon the case made. It would perhaps afford him the means of retaining possession of the land for a little longer time; but the possession clearly belongs to Sabin, who, without violence, fraud, or other misconduct that has been made to appear, has gained the possession.

*Petition dismissed.*