## WILLARD S. LUCAS *vs.* MARY M. LUCAS.

A writ of review will not lie to revise a decree dismissing a libel for divorce.

PETITION for a review of a decree of this court, rendered at a former term, dismissing a libel for divorce *a vinculo*, brought by the petitioner against the respondent on the ground of adultery.

*Bigelow*, J. before whom a hearing was had, was of opinion that the petitioner was entitled to a writ of review, if the court had authority to grant it under Rev. Sts. *c.* 99; but that the court had no power under that statute to grant a review in a case of divorce, and, at the request of the petitioner, reserved that question for the consideration of the full court.

*S. E. Sewall*, for the petitioner. This court has authority to grant a review " in any civil action." Rev. Sts. *c.* 99, §§ 1, 19. *St.* 1791, *c.* 17, § 1. A libel for divorce is a " civil action," within the meaning of the statute, which, being a remedial statute, should have a liberal construction. Declaration of Rights, art. 11.

It is not a criminal prosecution; but is a civil suit brought by one person against another to obtain redress for himself for an injury done him.

It has been held that a review could not be granted in a petition for partition, *Borden* v. *Bowen*, 7 Mass. 93; nor of a judgment upon an appeal from a court of probate upon the question of the sanity of a testator, *Pope* v. *Pope*, 4 Pick. 129; nor of a judgment on a report of referees under a submission before a justice of the peace.   *Stone* v. *Davis*, 14 Mass. 360.   *Dickenson* v. *Davis*, 4 Mass. 520.   But neither of these cases was a suit brought by one person against another to redress a wrong.   And the correctness of the decision in *Borden* v. *Bowen* has been doubted.   *Sturdivant* v. *Greeley*, 4 Greenl. 538.

On the other hand a review has been granted by this court in a case of *scire facias* against bail, *Thayer* v. *Goddard*, 19 Pick. 60; and in the case of *scire facias* against a trustee in foreign attachment, which is a form of proceeding unknown at the common law.   *Ex parte Packard*, 10 Mass. 426.   A bastardy process has been held to be a civil action.   *Mariner* v. *Dyer*, 2 Greenl. 172.   This court has decided that a suit for divorce is a civil action, by allowing costs to the prevailing party.   *Stevens* v. *Stevens*, 1 Met. 279.   A suit in equity and a petition for a review are civil actions, within the statutes allowing amendments.   Rev. Sts. *c.* 100, § 22.   *Crease* v. *Babcock*, 10 Met. 525. *Davenport* v. *Holland*, 2 Cush. 1.

A commission of review was granted in England in ecclesiastical cases on petition to the king in council, which was referred to the Lord Chancellor.   Reports of Commissioners on Ecclesiastical Courts, 48.   This court has power, if necessary, to frame a new writ or process in conformity with the principles of law.

SHAW, C. J.   At a former term of the court, the petitioner in the present case libelled his wife to obtain a divorce *a vinculo* for the cause of adultery, and upon a trial, judgment was rendered that the libel be dismissed.   This, from the nature of the subject matter, must be deemed a final judgment against the libellant.   Afterwards, this petition for a review was filed by

the husband in order to have a new trial. At the hearing at nisi prius, the judge before whom it was brought was of opinion upon the evidence that there was sufficient ground shown for granting a review, if the court had authority to grant it; and this is the question reserved.

It is insisted, on the part of the petitioner, that this court has authority to grant reviews in all civil actions, and that a libel for divorce *a vinculo* is a civil action, because it is a judicial proceeding, in which one person seeks against another the redress of a private wrong or injury. The question depends on Rev. Sts. *c.* 99, §§ 1, 19.

It would be hardly safe to decide a question of this magnitude upon a mere brief definition, without regard to the subject matter, the obvious objects and purposes of the law, and the antecedent legislation on the subject. And it would seem to be peculiarly the duty of the court to hesitate long before putting such construction upon a statute which has been long in force, and where there is no precedent for applying the law and practice of reviews to the case of divorce. For, though the revised statutes now in force were passed comparatively a few years since, they were reënactments of laws which had been in force nearly half a century. *Sts.* 1788, *c.* 11; 1791, *c.* 17.

It may be, that the term " civil action," in some respects, and to some purposes, may, without violence to the language, be held to include proceedings for divorce; and yet all laws respecting civil actions may not so apply as to include those proceedings. This results necessarily from the uncertainty and ambiguity of language. The fact that there has been no practice of allowing the review of decrees of divorce, and that this is a novel, if not an unprecedented, proceeding, is strong evidence of what the general understanding of the law upon this subject has been; but this, of course, is not conclusive.

It will be recollected that at the time of the adoption of the constitution, and for several years after, proceedings for divorce were not within the jurisdiction of courts of law, but of the governor and council, who proceeded according to the forms and principles of ecclesiastical courts; and even when this juris-

diction was transferred by *St.* 1785, *c.* 69, § 7, it was given exclusively to the supreme judicial court, acting as an ecclesiastical court, and it was declared that the decree of the same court should be final.

Mr. Dane, who speaks of review in civil actions as depending entirely on Massachusetts statutes, speaks of it as limited to a case where there has been a verdict, and to a suit commenced by writ, and not by petition or complaint. 6 Dane Ab. 453, 454. It was held in several early cases in Massachusetts that, to warrant granting a review, the action must have been commenced by writ, and the judgment rendered on a verdict. *Borden* v. *Bowen*, 7 Mass. 93. *Stone* v. *Davis*, 14 Mass. 360. Perhaps that would now be holding the matter rather too strictly ; *Sturdivant* v. *Greeley*, 4 Greenl. 538 ; but it indicates the prevailing conviction among lawyers and judges in regard to these laws, after they had been in operation many years.

Looking then beyond the mere philological sense of the term " civil action," as used in this clause of the revised statutes, we find that a process for divorce is in a certain sense a judicial proceeding ; but that originally this jurisdiction was not vested in the courts of common law; that the trial and proceedings were not according to the course of the common law; that, though in a certain sense the object of a libellant is to obtain redress for a grievance or private injury, yet that it is not by way of recovery of damages or obtaining property, real or personal, but rather for the purpose of ascertaining and declaring authoritatively the *status* or civil and social condition of a party, upon which numerous and most important personal and social rights and duties are made by law dependent. It is of the highest importance, not only to the security of parties, but to the peace of society, that the relation of every party, either as married or otherwise, be at all times distinctly understood. In ordinary cases of review of civil actions, the object is not merely to reverse or affirm a former judgment; but the original judgment may be altered or modified, enlarged or reduced, and the party reviewing may have judgment to recover back, in whole or in part, as the various circumstances of different cases may require.

But if a review were to lie on a final decree of divorce, it could only be to reverse or affirm the former judgment. The court, in the judgment on review, would in effect render such judgment as the court should have rendered in the former case; so that the new decision would in effect relate back to the former, and determine the relations and the consequent rights and duties of the parties, as from that time.

The alarming and dangerous consequences of the reversal of a former decree may be more striking in a case where such former decree granted a divorce, than in one where it denied such divorce. After a divorce *a vinculo*, should the one not the guilty party marry, it would be lawful and innocent. A reversal of the decree would show that the first marriage was never dissolved, and the party marrying would be liable to the severe penalty of the law against polygamy. Should personal property accrue to the wife, in the mean time, it might be trespass or even larceny for the husband to take possession of it; and yet a reversal of the decree of divorce would show that he had a good title and perfect right to take it. Not only might parties be exposed to punishment as for crimes; but the rights of husband, of wife, of children, to support and maintenance, and the rights of third parties towards them, would all be left in doubt, and this sometimes for years, whilst the petition and the review were pending. See *Greene* v. *Greene*, 2 Gray, 363.

If such a decree of reversal cannot be rendered on review, when the decree sought to be reversed is a decree granting a divorce, it appears to us, though the consequences might not be so numerous and disastrous, yet, upon principles of law and justice, the result must be the same when the review seeks to reverse a judgment refusing a divorce. Such a decree is a judicial determination, as between the parties, of the whole matter of controversy contained in the libel, and settles conclusively that no divorce ought to be granted for the causes stated, either because not sufficient in law, or not true in fact. After such a decision the parties are plainly bound, by every legal and moral obligation, to unite together in the performance of their conjugal duties to each other, and their parenta. obligations to their chil-

dren, if they have any; all which would be impeded and delayed, if not ultimately defeated, by the pendency of a review

For these reasons, or some of them, we think it has never been adjudged that a writ of review may be granted by this court, on a final decree of the court, either granting or refusing a decree of divorce; and if the legislature had intended to extend the authority of the court to such a case, they would have done it by express words. But the revised statutes did not apparently intend to make any alteration of the law in this respect, but simply to reinstate the law as it stood before. The court are therefore of opinion that, though in some respects, as in taxation of costs to a prevailing party, a prosecution for a divorce may have been regarded as a civil action, yet the provision of the revised statutes relied upon does not authorize this court to grant a review of a decree dismissing a libel for a divorce.*

*Petition dismissed.*

---

* A similar decision was made in *Bascom* v. *Bascom*, 7 Ohio, (Pt. 2,) 125.