HENRY G. HUBON *vs.* JOSEPH BOUSLEY.

Essex.    November 9, 1877.    MORTON & SOULE, JJ., absent.

A decree establishing a mechanic's lien on a building and land, and ordering a sale of the same to satisfy the lien, upon a petition, inserted in a writ, under the Gen. Sts. *c.* 150, may be the subject of a writ of review, under the Gen. Sts. *c.* 146, or may be vacated, and the case brought forward on the docket for trial, under the St. of 1875, *c.* 33.

PETITION to the Superior Court, under the St. of 1875, *c.* 33 to vacate and review a decree of that court, establishing a mechanic's lien on a building and land, and ordering the same to be sold to satisfy the lien, upon a petition inserted in a writ of original summons, sued out by the respondent against the petitioner under the Gen. Sts. *c.* 150.

At the hearing in the Superior Court of this petition for a review, it was admitted that no sale had been made under that decree.    *Gardner*, J., ruled that the decree was not a judgment in a civil action and could not be reviewed under the provisions of the Gen. Sts. *c.* 146 ; and that, for the same reason, it could not be vacated, and the case brought forward on the docket to be tried, under the provisions of the St. of 1875, *c.* 33 ; and therefore, without considering the merits of the petition, declined to grant it.    The petitioner alleged exceptions.

*S. Lincoln, Jr.*, for the petitioner, was stopped by the court.

*N. J. Holden*, for the respondent.

GRAY, C. J.    A writ of review, under the statutes of the Commonwealth, may be granted of a final judgment in any civil action commenced by writ.    It was because the proceedings were not commenced by writ, that a review was denied in the cases, cited for the respondent, of awards upon submissions before a justice of the peace, judgments upon petitions for partition, and decrees of probate or divorce.    *Dickenson* v. *Davis*, 4 Mass. 520. *Stone* v. *Davis*, 14 Mass. 360.    *Borden* v. *Brown*, 7 Mass. 93. *Pope* v. *Pope*, 4 Pick. 129.    *Lucas* v. *Lucas*, 3 Gray, 136.

In an action commenced by writ, it is no objection to granting a review that the pleadings are not in the same form as in ordinary actions at law, or that no trial by jury is had; as, for instance, in the case of a judgment in trustee process, charging

or discharging a trustee upon his answer. *Bowditch Ins. Co.* **v.** *Winslow*, 3 Gray, 415, 425. *Fuller* v. *Storer*, 111 Mass. 281, 283. In *Beale* v. *Churchill*, Norfolk, February term 1845, **Mr.** Justice Wilde granted a writ of review, under the Rev. Sts. *c.* 99, of a decree rendered by the Court of Common Pleas upon **a** bill in equity for the redemption of a mortgage, which had been inserted in a writ of original summons, as allowed by the Rev. Sts. *c.* 90, § 117. We are not certain whether the point was brought before the full court, but the opinion of that eminent judge is of itself, from his long experience and great knowledge of the law of Massachusetts, of much weight upon such a question.*

A mechanic's lien on buildings and land is enforced by petition to the Superior Court, which is a court of common law jurisdiction ; " the petition may be inserted in a writ of original summons, and be served, returned and entered, as other civil cases ; " and " the court may at any time allow either party to amend his pleadings as in actions at common law." Gen. Sts. *c.* 150, §§ 8, 10, 12. We can have no doubt that a final judgment upon such a petition, at least when, as in this case, that petition was inserted in a writ, may be the subject of a writ of review under the Gen. Sts. *c.* 146 ; or may, without the forms of granting and suing out a writ of review, be ordered to be vacated, and the case brought forward on the docket for trial, under the St. of 1875. *c.* 33, which allows final judgments in civil actions, when the execution has not been satisfied, to be more summarily reviewed in this manner.

*Exceptions sustained.*

---

* An examination of the note books of Chief Justice Shaw, in the possession of his son, Lemuel Shaw, Esquire, and of those of Mr. Justice Hubbard, then upon the bench, and Mr. Justice Metcalf, at that time reporter, both of which are preserved in the Social Law Library in Boston, makes it clear that the case did not come before the full court.