NANTASKET BEACH RAILROAD COMPANY *vs.* CHARLES A.
RANSOM.

SAME *vs.* SARAH E. RANSOM.

SAME *vs.* LYMAN MASON.

Suffolk.    March 16, 19, 1888. — June 20, 1888.

Present : MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Review — Judgment — " Civil Action."*

A judgment of the Superior Court upon the verdict of a jury assessing damages upon the petition of one whose land has been taken for a railroad, is a judgment in a "civil action," within the meaning of the Pub. Sts. c. 187, §§ 16, 22, authorizing writs of review.

A petition to this court for the review of such a judgment is not barred by a former petition to the Superior Court, which was not filed and of which there is no record, but which was presented merely to a justice of that court, who refused to grant an order of notice thereon.

THREE PETITIONS, filed October 16, 1884, for writs of review of judgments of the Superior Court. The cases were heard together before *Devens*, J., who reported them for the consideration of the full court, in substance as follows.

The respondents severally filed petitions to the county commissioners for the county of Plymouth for the assessment of damages for land taken by the petitioner for its railroad, and the commissioners, having ordered the company to give security for any damages that might be awarded by them, which was done, proceeded to award as such damages, on January 2, 1882, to Charles A. Ransom, $1,700; to Sarah E. Ransom, $950; and to Lyman Mason, $270.    Appeals were duly taken by the railroad company to the Superior Court for that county, and the cases were tried at the October term, 1883, verdicts being found against the company, on November 16, 1883, for Charles A. Ransom, $9,497.50; for Sarah E. Ransom, $1,966.56; and for Lyman Mason, $996.50.    The company were duly notified that the actions were to be placed on the trial list for that term, but, owing to some misapprehension on the part of its counsel, it was not represented at such trials.    Judgments were entered upon

the verdicts on November 22, 1883, and executions issued thereon on December 13, 1883. The counsel for the railroad company had no notice of the trials or judgments in the Superior Court until more than four days after the adjournment of the court for that term, and upon receiving this information he presented to the justice of the Superior Court who presided at the trial petitions for writs of review in the cases, and requested an order of notice thereon, which the judge declined to grant. No further action was had in the Superior Court; the petitions for writs of review were not filed with the clerk of said court; and there are no entries of record therein relating to the matter.

The executions remained unpaid, and a justice of this court, at a hearing upon bills in equity, filed by the respondents, on August 6, 1884, to restrain the company from entering upon or using the lands, ordered the company to pay to the respondents, without prejudice, before September 1, 1884, an amount equal to the award of the county commissioners and interest, with the costs taxed before them and in the Superior Court, the company assenting to judgments against it for this amount. On August 30, 1884, the company paid to each respondent the portion of the amount so ordered to be paid, and agreed to release a portion of the land taken in lieu of the amount remaining unpaid; but no such release had been given, nor any further amount paid.

A review was to be granted only in case the full court should be of opinion that the cases were such that writs of review might be granted therein, and that the company had not lost its right to apply for such writs of review by reason of its previous application to the Superior Court and the refusal thereof; and, in any event, a review was to be granted as to the excess only over and above the awards of the county commissioners, with interest thereon, and with the costs taxed before them and in the Superior Court.

*H. L. Harding,* (*R. M. Morse, Jr.* with him,) for the petitioner.

*L. Mason,* for the respondents.

W. ALLEN, J. These are petitions for writs of review of judgments of the Superior Court upon verdicts of juries in that

court, assessing damages, upon the petitions of the respondents, for lands taken by this petitioner for its railroad.

. The first question is, whether the statute authorizes a review of such a judgment. The Pub. Sts. c. 187, § 16, provide that " final judgments in civil actions may be re-examined and tried anew, as provided in the following sections." Section 22 provides, " If judgment is rendered in a civil action, either by the Supreme Judicial Court or Superior Court, the Supreme Judicial Court, except when a review is prosecuted as of right, may on petition grant a review on such terms as it deems reasonable." The Pub. Sts. c. 112, § 95, authorize railroad corporations to take land, and provide that they shall pay damages therefor, which, upon the application of either party, shall be estimated by the county commissioners, in the manner provided with reference to the laying out of highways. Section 99 gives to either party, if dissatisfied with the estimate of the county commissioners, a right to apply for a jury to assess the damages. The statute in relation to highways gives to a party aggrieved by the estimate of damages made by the county commissioners, a right to a trial by a sheriff's jury, upon a written application to the commissioners. Pub. Sts. c. 49, §§ 32–37. Section 105 of c. 49 provides, " In all cases in which it is provided by law that a sheriff's jury may be had for any purpose, application for a jury may be made by petition to the Superior Court; and thereupon, after such notice as said court shall order to the adverse party or parties, a trial may be had at the bar of said court, in the same manner as other civil cases are there tried by jury."

In the cases at bar the applications to the county commissioners to assess damages were made by the respondents; the petitions to the Superior Court for a jury were made by this petitioner; and the question is, whether the judgments of that court upon verdicts of the jury are judgments in a " civil action," within the meaning of the statute authorizing writs of review. In substance, the proceedings are civil actions. The trials were of issues of fact by juries; the verdicts were for damages; and executions issued on the judgments. The statute itself includes the proceedings with " other civil cases."

These were " cases " to ascertain and enforce the collection of damages due from this petitioner to the respondents, and the

only ground upon which it is claimed that they are not " civil actions " is that they were not commenced by writ. We regard it as immaterial in this respect whether the statute authorized them to be commenced by petition or by writ. The issues and the course of trial would be the same, whether the defendants were required to come in on a writ of summons or upon notice ordered on the filing of a petition. If the legislature should abolish all original writs, and require all actions to be commenced by petition, writs of review would survive.

In *Dickenson* v. *Davis*, 4 Mass. 520, it was decided that a review of a judgment of the Court of Common Pleas upon the report of referees appointed by a justice of the peace would not lie under the statute. The court say: " When a review is grantable, the cause must be triable on a review; it must, therefore, be commenced by writ, containing a declaration, to which a plea may be pleaded, and an issue joined and tried. The origin of the judgment complained of in this case was not by writ, but by a general rule of reference before a justice, containing no demand alleged with sufficient certainty to admit of a plea and of a trial at law upon an issue that could be regularly joined." It is obvious that the court does not refer to the form of original process as determining the question of jurisdiction in review, but to the writ containing the declaration as part of the pleadings. Review would not lie, not because the original process was not a writ, but because in the form of proceeding there could be no cause of action stated, and no pleadings, and no issue which could be tried. The same point is decided, and the reasons for the decision given more at large, in *Stone* v. *Davis*, 14 Mass. 360, but no reference is there made to the absence of a writ.

In *Pope* v. *Pope*, 4 Pick. 129, it was decided that the court had no authority to grant a review, or a new trial, on an issue arising on an appeal from the judge of probate after judgment had been entered on the appeal; and in *Lucas* v. *Lucas*, 3 Gray, 136, it was decided that there was no authority to grant a review in libels for divorce. *Borden* v. *Bowen*, 7 Mass. 93, decided that a review did not lie of a judgment on a petition for partition of lands. The court say, "Reviews are provided only where the original action is commenced by writ." Chief Justice Shaw

said, in 1854, in *Lucas* v. *Lucas*, at page 139, " Perhaps that would now be holding the matter rather too strictly."

In *Hubon* v. *Bousley*, 123 Mass. 368, it was held that a review would lie of a judgment on a petition to enforce a mechanic's lien. The petition was inserted in a writ of summons. The statute provided that the petition might be filed, and an order of notice issued, or that it might be inserted in a writ of summons. The court say, " We can have no doubt that a final judgment upon such a petition, at least when, as in this case, that petition was inserted in a writ, may be the subject of a writ of review." It cannot be contended that the right to review the judgment depended upon the form of the process.

The cases at bar are actions to recover damages. The petitions are statements of the causes of action ; there are issues which have been tried, and which are triable on review. To hold that they are civil actions within the meaning of the statute, if service of the petition is made by inserting it in a writ before it is filed, and that they are not civil actions if service is made by inserting the petition after it is filed in an order of notice, is to find a distinction which is not within the language or reason of the statute, and which is not established by any decision. The decisions that the statute does not apply to decrees in probate and divorce, and that it does not operate to grant a trial in court of facts found by arbitrators under a submission before a justice of the peace, nor to give a review of a partition of lands made by commissioners under the St. of 1783, c. 41, which is all that is decided in the cases cited above, do not sustain the dicta upon which the respondents rely, that a review cannot be had of an action unless it is commenced by writ.

The only other question presented in the report is whether the refusal of the justice of the Superior Court to order notice of petitions for review presented to him by the petitioner is a bar to these proceedings. The record of the dismissal of a former petition upon its merits might be a bar to a second petition. But there is no record of the former petitions. They were not even filed, and were never in court; there was no judgment upon them, and no decision which could be revised by the full court. The respondent cannot establish a bar to this petition

by parol proof of the acts of the judge *in pais* in reference to a paper which is not matter of record.    See *Burrell* v. *Burrell*, 10 Mass. 221 ; *Hayes* v. *Collins*, 114 Mass. 54.

*Writs of review to issue.*