JOHN H. RICHARDSON & another *vs.* LEVI LLOYD.

Upon the hearing of a petition for a review on the ground of the discovery of new and ma-
terial evidence, consisting of a paper admitted to have been written by the respondent,
as to the contents of which he had testified at the trial, when it was supposed to be lost,
the judge, after admitting evidence of the petitioners as to what that testimony was, re-
fused to hear contradictory evidence of the respondent on the same subject, and ordered
a review, "being of opinion that the facts found and admitted were such as required a
review, whatever the evidence offered might be." *Held*, that such refusal was a good
ground of exception to the order for the review.

PETITION, filed in March 1866, for the review of a judgment,
(for $1187.64 and costs, obtained by the respondent against the
petitioners, in November 1865, in an action in the superior
court,) on the ground of the discovery of new and material
evidence.

The petition recited that the action was on three overdue and
protested promissory notes, made by the petitioner Richardson,
and indorsed by the other petitioner, Franklin G. Abbey, for the
sums respectively of $250, $400, and $366.50, the first two
dated in 1861, and the third in June 1863, but did not set forth
the times when the notes fell due; that "it was specially con-
tended, in said action, by the petitioners, that the note for
$366.50 was taken by the respondent in payment of the note
for $250; that said note for $250 should have been given up to
the petitioners and cancelled, and that nothing was due thereon
to the respondent, and evidence was introduced tending to show
the said payment," but "it was testified by the respondent that
the indebtedness of the petitioners to him, on or about Septem-
ber 26, 1863, was $1100 or thereabouts," which testimony was
inconsistent with the defence against the note for $250, and
"was contradicted by the petitioners, who testified that the sum
was but $700 or thereabouts;" that, "since the trial of said ac-
tion, the petitioners had discovered a paper," which they had
supposed to be lost, "intended by the respondent as a prom-
issory note, in the handwriting of the respondent, in these
words: ' $776.40. Colebrook, September 26, 1863. One day
after date we severally promise to pay Levi Lloyd or bearer

seven hundred and seventy-six dollars and forty-two cents, **for** value received, with interest,' which said note or paper was presented to the petitioners at or about the date thereof, with the request of the respondent to them to sign the same in payment and cancellation of all the demands which the respondent then had against them, and especially the notes in suit;" and that the petitioners had "discovered also, since said trial, that the respondent had stated to Edward Stratton, a credible witness, · that the said blank note, or paper, so presented to the petitioners for their signatures, was for the full and entire amount of the indebtedness of the petitioners to him, the respondent, and was for the same amount claimed by him in the said action."

Hearing in the superior court, before *Rockwell,* J., who allowed a bill of exceptions ("if the case is a proper one to be carried to the supreme judicial court by these exceptions") in substance as follows :

"Upon the hearing, Franklin G. Abbey, one of the petitioners, was a witness. The paper of September 26, 1863, was admitted to be in the handwriting of said Lloyd. Abbey testified that Lloyd in the trial of the original action swore that the said paper, then alleged to have been lost, was written for the sum of eleven hundred and odd dollars, and for the full amount of the petitioners' indebtedness to him, and that it was not for the sum of seven hundred and odd dollars as the petitioners then claimed and testified; and Edward Stratton, on behalf of the petitioners, testified to declarations of Lloyd since the trial, substantially as alleged in the petition. And thereupon the petitioners rested.

"The said Lloyd offered evidence in contradiction of the testimony of said Abbey and Stratton, and offered to prove what his testimony was in reference to the paper dated September 26, 1863. The judge, being of the opinion that the facts proved and admitted were such as required a review, whatever the evidence offered might be, declined to hear any testimony on the part of said Lloyd, rejected the offered evidence, and ordered a writ of review." The respondent alleged exceptions.

*M. Wilcox,* for the respondent.

Richardson & another *v.* Lloyd.

*J. Branning*, for the petitioners.

WELLS, J. To entitle the petitioners to a review, it was necessary for them to establish the proposition that the newly discovered evidence was in itself new and material. As there had been testimony at the trial in regard to the paper afterwards discovered, the question could not be determined without proof of what actually occurred, in regard to it, at the trial before the jury The court received the evidence of the petitioners upon that point; but refused to hear the testimony offered by the respondent to the same point. This was error. No fact is legally proved, in judicial proceedings, by parol evidence upon one side only, when competent and proper opposing testimony is rejected.

·The determination of the facts in controversy rests conclusively with the judge who hears the case; and so also, to a degree, does the question of the propriety of granting a review. But his rulings upon the admission and rejection of testimony offered to establish or disprove the alleged facts, and upon any other question of law, or of legal right of the parties, are open to revision upon exceptions. *Davenport* v. *Holland*, 2 Cush. 1. Gen. Sts. *c.* 115, § 7. The power of the judge to determine the whole matter ultimately does not involve the right to do so arbitrarily and in disregard of the legal modes of trial of the question in issue before him. *Commonwealth* v. *Howe*, 9 Gray, 110, 113. From the exceptions it appears that the main facts, upon which the claim for a review rested, were not tried in accordance with the rules of law applicable to the trial of all questions of fact.

The testimony of Stratton presents no separate question. The admission, sworn to by him, corresponds with the testimony of Lloyd at the trial, as stated by the petitioner Abbey.

*Exceptions sustained.*