MARY HAYES *vs.* RICHARD COLLINS.

A judgment for the respondent for his costs, upon a petition for review, is not a bar to a new petition for review filed within a year from the rendering of the original judgment.

PETITION to the Superior Court for a review, filed October 11, 1872. The petition set forth that, December 18, 1871, in the Superior Court, in an action of contract, judgment was, at the suit of Richard Collins, rendered against the petitioner as administratrix of the estate of Dennis Hayes, for $681.75 damages and $28.43 costs; that judgment was rendered at the time of trial upon default; that before the default the petitioner had changed her residence, and, from mistake and forgetfulness, had not notified her counsel; that before and till the default her counsel had made diligent search for her, but had been unable to find either her or the place of her residence; that before and at the time of the default her residence was well known to the respondent and to his wife, but that both, though requested, refused to inform her counsel, in order that judgment might be obtained by default; that she was ignorant and poor, and that the enforcement of the judgment would deprive her of all her property; that at January term, 1872, she filed in the Superior Court a petition for a review; that an order of notice issued, and was given to the sheriff for service; that the sheriff neglected to serve it; that a motion for a second order of notice was made and overruled, and judgment was entered on the petition for the respondent, with costs; that she had a good defence to the action on the merits, and desired to bring it to trial.

At the hearing in the Superior Court, before *Rockwell*, J., it appeared that, February 27, 1871, Collins brought an action in that court against the petitioner, as administratrix, to recover $488, with interest, received by the petitioner's intestate some years previously, to Collins's use. The action was duly entered The defendant duly appeared and made answer. At October term, 1871, before *Rockwell*, J., the action was reached for trial. The defendant's counsel moved that the action be postponed for

the reason that he had not been able to find his client. The presiding judge overruled the motion. The defendant was called and defaulted. A few days afterwards the defendant moved to have the default taken off. The motion was heard and overruled, and judgment entered December 18, 1871, for $681.75 damages, and $28.43 costs of suit, and execution issued December 28, 1871.

January 10, 1872, the petitioner entered in that court a petition for review of the action, on which fourteen days' notice was ordered, and the order of notice was made returnable on the first Tuesday of February, 1872, and a supersedeas was to issue on the filing of a bond satisfactory to the clerk. The bond was filed, and supersedeas issued. The order of notice and the supersedeas were placed in the hands of the sheriff, but were never served, because the counsel who then represented the petitioner did not pay the sheriff for the service, and had no credit with him. June 7, 1872, notice that the petitioner would move for a new order was served on Collins's counsel, who, June 11, appeared in conformity with this notice. The motion for a second order of notice was heard and overruled June 11, after argument by counsel, but without an appearance having been entered for the respondent. June 18, on motion, judgment was entered for the respondent, for costs.

July 25, the respondent brought an action in the Superior Court against the principal and sureties in the bond which had been given as the condition of the supersedeas, and service was made on the principal in the bond September 10, and the action was entered at October term, 1872. To this action the petitioner made answer, alleging, among other things, the fact that her petition for a review was still pending.

The respondent objected that upon these facts the court had now no power to grant a review; but the presiding judge overruled the objection, and directed the writ of review to issue. To this ruling and this direction the respondent alleged exceptions.

*S. J. Thomas*, for the respondent.

*W. A. Munroe*, for the petitioner.

GRAY, C. J. A petition for a review is addressed to the discretion of the judge to whom it is presented, and his decision

thereon can be revised upon exceptions or report only for erro-
neous rulings in matter of law. Gen. Sts. *c.* 115, § 7; *c.* 146,
§§ 21, 24. *Converse* v. *Carter*, 8 Allen, 568. *Richardson* v.
*Lloyd*, 99 Mass. 475. *Weeks* v. *Adamson*, 106 Mass. 514. The
only question raised by the exceptions in the case at bar is
whether the judgment for the respondent upon a similar petition
previously presented to the Superior Court is a bar to the present
petition. If the judgment upon the former petition had passed
upon the merits, it might well be held to be a conclusive adjudi-
cation that the petitioner was not entitled to have the original
judgment reviewed, just as the affirmance of a judgment upon a
writ of error is held to be a bar to a second writ of error for any
cause which existed at the time of that judgment. *Booth* v.
*Commonwealth*, 7 Met. 285. *Bodurtha* v. *Goodrich*, 3 Gray,
508. But the judgment upon the first petition for a review in
this case does not appear to have been a judgment of dismissal
upon the merits, but a mere judgment for the respondent for his
costs, in the nature of a judgment upon a nonsuit or discontinu-
ance, such as is rendered for the defendant in an ordinary action
at law, which the plaintiff neglects to enter, or to file a declara-
tion in. Gen. Sts. *c.* 120, § 12; *c.* 129, § 9; *c.* 156, § 12. *Gil-
breth* v. *Brown*, 15 Mass. 178. *Coburn* v. *Whitely*, 8 Met. 272.
Such a judgment is no bar to a new suit or petition. *Burrell* v.
*Burrell*, 10 Mass. 221. *Wade* v. *Howard*, 8 Pick. 353. *Ensign*
v. *Bartholomew*, 1 Met. 274. *Homer* v. *Brown*, 16 How. 354,
365.                                    *Exceptions overruled.*