CITY OF BOSTON *vs.* NATHAN ROBBINS.

Suffolk.   November 23. — 24, 1874.   AMES & DEVENS, JJ., absent.

It is within the discretion of the judge to whom a petition for a review is presented, if he is of opinion that the petitioner has a substantial defence to the action upon the merits, which by accident or mistake, and without fault on his part, he has had no opportunity of making, to grant a review without passing in advance upon the questions of law or fact which may be involved in the trial of the case; and to the exercise of his discretion in this respect no exception lies.

PETITION, filed in June, 1873, for the review of a judgment for $10,208.75 and costs, obtained by the respondent against the petitioner in June, 1872, in an action in the Superior Court, — on the ground that, through mistake, an appearance had not been entered for the petitioner.

The petition recited that the respondent alleged in his declaration that he was appointed trustee by the Probate Court under the Gen. Sts. *c.* 43, § 77, to receive certain damages payable by the city of Boston for the taking of certain land, for the reason that the owner and tenant thereof could not agree upon their respective proportions.

The petition alleged that the Probate Court had not jurisdiction to appoint the trustee; that the appointment was null and void; and that the respondent had no claim to recover said sum or any part thereof.   It also alleged that the petitioner had, prior to the bringing of the action, paid to Job A. Turner, the tenant of the estate taken, the sum of $3200 in accordance with the award of referees under a reference entered into between Turner and the owners of the estate.   By an amendment the petition set forth at length the reasons why it was contended that the Probate Court had no jurisdiction to appoint the trustee.   These were in brief: 1. That Reuben S. Wade, the owner of a leasehold estate in the estate taken, was not notified and had no notice of the proceedings in the Probate Court.   2. That the notice to Turner was not served on him personally.   3. That Turner had no notice of the proceedings.   4. That Turner never refused to name a person as trustee to receive and collect damages of the city of Boston.

Hearing in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions in substance as follows:

The respondent objected that the defence set up to the original action in the petition and amendment was inadmissible, and further objected that the evidence offered to sustain the defence was incompetent, upon the ground, among others, that the decree of the judge of probate was not open to impeachment by parol evidence and upon a collateral issue between these parties; but the judge overruled these objections.

The judge found the following facts: That the respondent recovered judgment against the city of Boston, and execution issued thereupon, and was satisfied by the city of Boston; that the solicitor of the city of Boston intended to appear, and to defend the said action in behalf of the city of Boston, and that his failure to do so was due to the facts alleged in said petition. The city of Boston had the defence to the action set forth in said original petition and its amendment; but the judge did not find that Turner had no notice or knowledge whatever of the petition to the judge of probate for the appointment of a trustee, or of the proceedings under it as alleged in the amended petition, but did find that he never expressly refused to name a person as trustee for the purpose of receiving and collecting damages, as alleged in the amended petition; that the arbitration was wholly without the knowledge of J. B. Simonds, the co-trustee; that the city paid said Turner the amount of the award on April 4, 1871, taking from Turner a bond of indemnity as its security therefor. At the hearing before the Superior Court, the surviving trustee, J. B. Simonds, offered to ratify and confirm the right of Robbins to sue, and his collection of the money from the city and to protect the city therein.

Upon the foregoing facts the judge ruled that the petitioner had a substantial defence to the action of the respondent upon its merits, and that upon the facts stated, the petitioner was entitled to a review of said action and ordered that the same be granted; and the respondent alleged exceptions.

*C. R. Train*, for the respondent.

*J. P. Healy & J. L. Stackpole*, for the petitioner.

*A. A. Ranney*, for Turner.

GRAY, C. J. A petition for a review, like a motion for a new trial, is addressed to the discretion of the presiding judge. His rulings upon specific points of law raised at the hearing upon the

petition, such as the power to allow an amendment, or the competency of evidence, may be revised on exceptions. *Davenport* v. *Holland*, 2 Cush. 1. *Gray* v. *Moore*, 7 Gray, 215. *Richardson* v. *Lloyd*, 99 Mass. 475. But if upon a petition in due form, and competent evidence, the judge is of opinion that the petitioner has a substantial defence to the action upon the merits, which by accident and mistake, and without fault on his part, he has had no opportunity of presenting to the court and jury, it is within the discretion of the judge to grant a review, without passing in advance upon the questions of law or fact which may be involved in the trial of the case; and to the exercise of his discretion in this respect no exception lies. *Brewer* v. *Holmes*, 1 Met. 288, 291. *Hutchinson* v. *Gurley*, 8 Allen, 23.

*Exceptions overruled.*