THOMAS SHERMAN, petitioner for review, *vs.* MICHAEL WARD.

Cumberland.    Opinion October 21, 1881.

*Review.    Petition for.    Exceptions.*

A review may be granted of right in certain cases when the default is without appearance, (R. S., c. 89, § 1,) or it may be granted as a matter of discretion, and to the exercise of the discretionary power of the court, exceptions will not lie.

ON EXCEPTIONS.

Petition to review a judgment rendered in the superior court, Cumberland, at the September term, 1880, against this petitioner and in favor of the respondent, for one thousand dollars debt or damage, and costs of court taxed at $14.81. The petition sets out *inter alia,* that the petitioner is an inhabitant of Montreal, in the province of Quebec, dominion of Canada, and at the time of the service of the original writ, he was about departing from Portland for Montreal, and that after giving a bail bond he departed for Montreal and has not since returned; that before

leaving Portland he employed counsel and directed them to appear and answer to said suit at the return term, but through accident, inadvertance and mistake and without fault, they failed to enter an appearance in the suit, and the same was defaulted without the knowledge of the petitioner or his counsel; whereby justice was not done and he was deprived of making his defence, which was stated.

The presiding justice found that the allegations in the petition as to the cause and manner of the default were true, and granted the prayer of the petition as matter of discretion.

*Strout and Holmes*, for the plaintiff.

*Thomas and Bird*, for the defendant.

Review cannot be granted by reason solely of the negligence and carelessness of counsel.

That a review should not be granted to relieve against carelessness or negligence, see *Thayer* v. *Goddard*, 19 Pick. 66. In *Shurtleff* v. *Thompson*, 63 Maine, the ground on which the review was granted was mistake.

APPLETON, C. J. This is a petition for a review. The petitioner, a resident in a foreign jurisdiction, was defaulted without appearance, and judgment was rendered against him in damages for one thousand dollars and costs.

A review may be granted of right in certain cases when the default is without appearance. R. S., c. 89, § 1, case 1st; or it may be granted as matter of discretion. Here the presiding justice granted a review as a matter of discretion. Under the circumstances of the case, it was a judicious exercise of discretion. To the exercise of the discretionary power of the court, exception will not lie. A petition for a review is like a motion for a new trial. It is addressed to the discretion of the court. *Boston* v. *Robbins*, 116 Mass. 313.

It is urged that the default occurred through the lack of memory on the part of the counsel retained, but that was a matter for the consideration of the justice granting the review. In the English court, when the plaintiff was nonsuited through the neglect of the attorney in seasonably instructing counsel, the case having been

called sooner than was anticipated, the court granted a new trial, upon the payment of costs by the attorney. *Townley* v. *Jones,* 98 E. C. L. 288. In this case no conditions were imposed, and whether they should be, was within the discretion of the justice granting the review. *Jones* v. *Eaton,* 51 Maine, 386.

*Exceptions overruled.*

WALTON, BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.