JAMES W. STILLMAN *vs.* BENJAMIN F. WHITTEMORE & others.

Suffolk.    November 21, 1895. — February 25, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Review — Jurisdiction — Discretion of Judge.*

The denial by the Superior Court of a motion for a new trial of an action does not, as matter of law, deprive this court of its jurisdiction, under Pub. Sts. c. 187, § 22, to grant a petition for review.

If, at the trial of an action in the Superior Court, certain evidence was excluded, and the party offering it omitted, through inadvertence, to take an exception to its exclusion, this court is not bound to grant a review of the judgment, and no exception lies to its refusal so to do.

If a petition for the review of a judgment shows that, at the trial of the action, without a jury, there was evidence on both sides, and that the defendant was a witness in his own behalf, and the decision was in his favor, and the particular grounds upon which it rested are not stated, the refusal of a justice of this court to order a review presents no question of law, but is a matter resting in his discretion, to the exercise of which no exception lies.

PETITION, for·the review of a judgment for costs obtained by the respondents against the petitioner in January, 1893, in an action of tort in the Superior Court. Hearing before *Holmes,* J., who denied the petition; and the petitioner alleged exceptions. The facts appear in the opinion.

*J. W. Stillman, pro se,* cited, to prove the allegations contained in his petition, *Boston* v. *Robbins,* 116 Mass. 313, and cases there cited.

*L. W. Howes,* for the respondents.

ALLEN, J.    The petitioner contends that this court had jurisdiction to hear and grant his petition for review, and that the denial by the Superior Court of his motion for a new trial does not, as matter of law, deprive this court of its jurisdiction under Pub. Sts. c. 187, § 22.    We agree with this construction

of the statute ; but it is settled by numerous decisions that such a petition is addressed to the discretion of the judge to whom it is presented, and his decision thereon can be revised upon exceptions only for erroneous rulings in matter of law. *Hayes* v. *Collins*, 114 Mass. 54, and cases there cited. *Boston* v. *Robbins*, 116 Mass. 313. *Sylvester* v. *Hubley*, 157 Mass. 306. The judge before whom the petition was heard stated that, upon the facts set forth in the petition, and the admitted fact that there had been a motion for a new trial in the Superior Court, and that such motion had been denied, no case was stated on which this court in its discretion ought to grant a writ of review, and denied the petition. The only question open before us is whether he was bound in law upon those facts to do otherwise.

The supposed error at the trial which is most relied on in the petitioner's brief was the exclusion of certain testimony which he offered to meet an alleged perjury on the part of one of the defendants. Assuming that this testimony was competent, and that the omission to take an exception to its exclusion was through inadvertence, as alleged, the most that can now be said is, that by reason thereof the Superior Court in its discretion might have granted a new trial on motion, or that this court in its discretion might order a writ of review. But in either case the court is not bound so to act, and no exception lies to its refusal to do so.

The petitioner asked, amongst other things, for a ruling that, if the court is convinced that false evidence was given by the defendants, or either of them, and that the finding of the judge at the trial was based thereon, a review should be ordered. The petition for review shows that at the trial there was evidence on both sides, and that the defendants were witnesses in their own behalf. The decision was in favor of the defendants. The particular grounds upon which it rested are not stated. The petition for review sets forth that if the plaintiff at the trial failed in the least degree to establish any and all of the propositions necessary to make out his case, it was because of the perjuries of one of the defendants, and the failure of the judge to admit competent evidence to contradict these perjuries. Under these circumstances, the refusal to order a review presents no question of law ; it was a matter resting in the discretion of the judge.

*Exceptions overruled.*