JAMES W. STILLMAN *vs.* CORNELIUS J. DONOVAN.

Suffolk.	January 21, 1898. — February 26, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Review — Discretion of Judge.*

A petition for a writ of review is addressed to the discretion of the judge to whom it is presented, and his decision thereon can be revised upon exceptions only for erroneous rulings in matter of law.

PETITION, for the review of a judgment for costs, obtained by the respondent against the petitioner in June, 1893, in an action of tort in the Superior Court. Hearing before *Barker,* J., who denied the petition; and the petitioner alleged exceptions. The facts appear in the opinion.

*J. W. Stillman, pro se.*

*F. Ranney & S. D. Elmore,* for the respondent.

KNOWLTON, J. In this case we have before us a single exception to an order of a justice of this court, dismissing a petition for a writ of review. The petition is founded on the proceedings at a trial before a jury in the Superior Court. The presiding justice at the trial was the late Mr. Justice Aldrich, a judge eminent for his learning and ability, and of long experience in the trial of causes. The petitioner avers that a part of the testimony at the trial was false, and that the judge made numerous errors of law, which altogether resulted in an erroneous verdict against him.

A writ of review is an unusual remedy, given when justice seems to require it, in cases where without fault or negligence one has lost or has failed to obtain an adequate remedy in the ordinary forms of procedure which were open to him in the original action. Cases of accident or mistake, or of a discovery

of material facts which could not be presented at the trial, are familiar instances in which this kind of relief is granted. But it is the policy of the law to make an end of litigation when the parties have once had an opportunity to be fully and fairly heard. The law prescribes a method of obtaining a revision of the rulings of a trial judge on questions of law, and ordinarily, if one fails to avail himself of that method, he cannot have a review of the action after he has allowed it to go to final judgment.

In the present case the petitioner had a right of exception to each of the alleged erroneous rulings and instructions of the presiding justice, and, although represented by competent counsel, he failed to avail himself of that right. If he was taken by surprise by false testimony which time would enable him to meet, his immediate remedy was to ask for a postponement to enable him to produce the witnesses to meet it. It does not appear that he moved for a postponement. After verdict he moved for a new trial on the ground of newly discovered evidence, which was intended to meet the alleged false testimony. This motion was heard and overruled. We must assume that it was given due consideration by one in a better position to judge of its importance than any one can be who was not present at the trial. He also made a motion to set aside the verdict on the ground that it was against the law and against the evidence and the weight of evidence. This motion too was overruled. The case having gone to judgment, a petition to vacate the judgment was filed in the Supreme Judicial Court. It having been decided upon hearing that the Supreme Judicial Court had no jurisdiction of a petition to vacate a judgment in the Superior Court, the petition was amended into a petition for a writ of review, which, after due hearing, was dismissed. The petitioner then excepted.

It would be contrary to all precedents of which we have knowledge to grant a writ of review in a case like this. The petitioner omitted to take exceptions which he should have taken if he desired to have the judge's rulings revised by a higher tribunal. He was heard by the trial judge, not only at the trial, but subsequently on the motions for a new trial which he filed. Without intimating that any error of law is disclosed, it is clear that, according to the usual practice, the petitioner is not entitled to a writ of review.

A petition for a writ of review is addressed to the discretion of the court, and an order granting or denying it is not subject to an exception. *Stillman* v. *Whittemore*, 165 Mass. 234. *Sylvester* v. *Hubley*, 157 Mass. 306. *Hayes* v. *Collins*, 114 Mass. 54, and cases there cited. No requests for rulings in matters of law were presented at the hearing upon the amended petition, and no specific rulings were made. The order of the single justice was not subject to exception.        *Exceptions overruled.*