GEORGE W. PARKE *vs.* MARIA MURDOCK & another.

Barnstable. November 16, 1900. — January 4, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, & LORING, JJ.

A writ of review properly may be granted on the ground that, by an oversight which was explained, a defendant's attorney neglected to file an answer to certain counts, a demurrer to which had been overruled, and that the plaintiff took advantage of the neglect to get judgment by default against the defendant who had a defence and intended to try the case.

A petition to the Superior Court for a writ of review is addressed to the discretion of that court, and the order made thereon cannot be revised upon writ of error.

A joint judgment having been entered in the Superior Court against two defendants, each of them filed separately a petition for a writ of review. The Superior Court made an order, entitled as on both petitions, reading "In each of the above entitled actions it is ordered that a writ of review issue." On a writ of error to revise this order, it was *held*, that the words of the order meant that one writ of review or two might issue, whichever was proper, and that if it were otherwise, the defect could be cured by amendment of the form of the order, and would not be a ground for reversing the order on error.

HOLMES, C. J. This is a writ of error to set aside orders that a writ of review issue in an action in which the plaintiff in error had recovered judgment. The ground on which the review was granted was that by an oversight which was explained, the defendants' attorney neglected to file an answer to certain counts, a demurrer to which had been overruled, and that the plaintiff took advantage of the neglect to get a judgment by default without notice to the defendants, each of whom had a defence and intended to try the case.

On the merits as set forth in the petitions there is no question that it was most proper to grant the review, and no error of substance is shown in the granting of it. Furthermore, the petitions were addressed to the discretion of the Superior Court, and that discretion could not be revised upon a writ of error. *Stillman* v. *Donovan*, 170 Mass. 360, 362. *Commonwealth* v. *Coy*, 157 Mass. 200, 217, note.

The only assignment of error that requires any discussion is the fourth: " That on the two petitions for review, both complaining of the same joint judgment against said two petitioners,

the court on the same day and by one order, granted two several and distinct writs of review, which have been issued and are pending, one by said Murdock against this plaintiff, and one by said Holt against this plaintiff." The emphasis of this allegation perhaps is doubtful, but we take it to mean that the court had no right to order two writs of review, as that seems the interpretation most favorable to the plaintiff in error.

The short answer to this assignment is that, while in the docket entries the clerk describes the order of February 16, 1900, as an order " directing that two writs of review issue," the order is before us, and if only one writ of review properly should issue in the case as it arose, then the order should be read as an order for only one writ. Each of the two defendants separately petitioned for a writ of review, as each had a right to do. St. 1895, c. 234, § 25. Lord v. Parker, 3 Allen, 127. Thereupon the court made an order entitled as on both petitions, reading, " In each of the above entitled actions it is ordered that a writ of review issue." We repeat that these words mean one writ or two, whichever is proper. In this case, so far as appears, it would be proper for the defendants to proceed together. But with that we have nothing to do ; the only question is whether we can see any error in law which requires the order of review to be set aside. We see none. Moreover if we did see one, it would be nothing that could not be cured by an amendment in the form of the order, and therefore would not be a ground for reversing the order on error. Pub. Sts. c. 187, § 3. Monk v. Guild, 3 Met. 372, 374.

Possibly we might add to the foregoing reasons the consideration that the plaintiff brings but one writ, alleging error " in a proceeding and final order for review that was prosecuted," etc. Notwithstanding what is said in the assignment of errors, the plaintiff seems to justify bringing but one writ by the assumption that there is but one order, and this hardly could be made out concerning an order bearing the title of two petitions except on the ground that the same writ of review was ordered by both. If the order was not to be regarded as single, then we should have to consider the defendants' objection that the proceedings on the two petitions cannot be dealt with by one writ of error. As it is, we leave that without further discussion, as also the

suggestion that so far as the plaintiff had any remedy it was exclusively by appeal. *Monk* v. *Guild,* 3 Met. 372.   *Ellis* v. *Bullard,* 11 Cush. 496, 498.   Compare Pub. Sts. c. 152, § 10; (Gen. Sts. c. 114, § 10.   St. 1859, c. 196, § 26.   St. 1840, c. 87, § 5;) *Day* v. *Laflin,* 6 Met. 280; *Peck* v. *Hapgood,* 10 Met. 172.

*Orders for review affirmed.*

*G. W. Parke, pro se.*

*M. M. Weston,* for the defendants in error.