MARY E. MULREY & others *vs.* ANNA M. CARBERRY.

Suffolk.    December 2, 1910. — January 4, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Equity Pleading and Practice*, Bill of review. *Evidence*, Competency, Relevancy.

A bill in equity, filed by leave of court, sought a review of a suit brought against the plaintiffs to compel them to convey to the defendant certain land which had descended to them from their father, who was alleged to have procured it by a fraud upon the defendant, the review being sought because the judge who heard

the original suit, after making a memorandum for a decree granting the prayers of the bill as against the plaintiffs in the bill of review, allowed the original suit to be reopened to admit another as party defendant therein and then after a further hearing dismissed the suit as to him, the plaintiffs in the bill of review alleging that the evidence which constituted the ground for such dismissal was such as would necessitate that the suit also should be dismissed as to the plaintiffs in the bill of review. At the hearing of the bill of review the plaintiffs were allowed to introduce in evidence a transcript of the proceedings at the hearing after the reopening of the original suit, which contained statements by the presiding judge substantiating the allegations of the bill of review. *Held,* that the evidence was competent and material, the bill not being confined to the correction of errors of law upon the face of the record but being one issued in the sound discretion of the court to permit the plaintiffs to show what occurred at and after the trial of the original suit which would entitle them to a reversal of the decree entered against them therein.

BILL IN EQUITY, filed in the Superior Court on April 10, 1910, in accordance with the rescript sent with the decision reported in 204 Mass. 378. The suit has been before this court on previous occasions, as described in the opinion and is reported in 192 Mass. 547 and 204 Mass. 378.

The bill in substance alleged that the defendant on August 21, 1902, had brought a suit in equity against the plaintiffs and one Thaddeus F. Mulrey seeking to have the plaintiffs convey to her certain real estate which had descended to them from their father, who was alleged by fraudulent acts as administrator of the estate of the defendant's uncle in 1879 to have procured it to be conveyed through a third person to himself; that in that suit an order for a decree was entered directing such a conveyance; that thereafter a brother of the plaintiffs, one John R. Mulrey, filed a petition to be admitted as party defendant, which was allowed, and that, after a further hearing, the bill was dismissed as to John R. Mulrey; that thereafter the plaintiffs procured the counsel for John R. Mulrey to act for them; that the reason that the bill was dismissed as to John R. Mulrey was because the judge found on the further hearing of the case after John R. Mulrey was admitted as party defendant in the original suit that the father of the defendants (the plaintiffs in this bill) had not misled the plaintiff in the original suit (the defendant herein) by any statements that he made or any acts that he did after the sale by him as administrator in 1879.

The bill of review was heard by *Pierce,* J., who admitted in evidence subject to exceptions by the defendant a transcript of

the testimony introduced at the hearing before *Fessenden*, J., upon the reopening of the case after the filing of an order for a decree that the plaintiffs should convey the property to the defendant as above described and after the filing of the answer of John R. Mulrey which contained statements of the judge substantiating the allegations of the bill of review; and also evidence tending to show that the plaintiffs' present counsel was the counsel who had appeared originally only for John R. Mulrey, and had not been their counsel until after the defendant's suit had been dismissed as to John R. Mulrey.

The judge made an order for a decree in favor of the plaintiffs; and the defendant alleged exceptions.

*J. F. Cronin*, for the defendant.

*P. H. Kelley*, for the plaintiffs.

KNOWLTON, C. J.   The story of this case was pretty fully told in *Mulrey* v. *Carberry*, 204 Mass. 378.   That case was a petition for a bill of review, and it was decided by this court in favor of the petitioners.   The present bill of exceptions is to rulings of law on the trial upon the bill of review, admitting in evidence the report of the proceedings at the trial in the original suit, made by an official stenographer of the Superior Court, and other kindred matters of proof.

The petition for a bill of review was addressed to the discretion of the court, and was founded upon matters that did not appear of record in the Superior Court after the hearing before the justice who made the decision.   The defendants in the original suit appealed from the decree, and afterwards, when they were about to present to this court the record of the proceedings, they discovered that the stenographer who was appointed a commissioner to take the testimony at the original hearing, and whose report would be for that reason a part of the official record, did not take the testimony at a subsequent hearing which was important to the rights of the defendants, and that another stenographer then acted in his place.   As a result, a part of the proceedings, which was reported by this stenographer, was not a part of the record in the case.   The defendants moved to have this stenographer appointed a commissioner *nunc pro tunc*, but the motion was denied, and the defendants appealed.   As the case first came to this court (see 192 Mass. 547) it did not

appear that there was any error of law in the proceedings, nor was it shown that there was any error of fact that required a reversal of the decree.

Upon the petition for a bill of review, the petitioners averred facts which, for the purposes of the hearing, were admitted by the respondents to be true, and which showed that the decree was founded on an error of law. These facts did not appear of record, and they did not relate to matters which ought to have been put in evidence but were not. They related to proceedings before the court, and to matters that ought to have appeared in the record, but did not. The only question of doubt, that arose upon the petition for a bill of review, was whether the failure to protect the rights of the original defendants and have the record show all the material facts was so far imputable to negligence of their counsel as to make it improper to grant their petition. Upon a consideration of this question the decision of the court was, that the omission resulted from an oversight and mistake, which ought not to prevent the defendants from showing, upon a bill of review, what the proceedings were at the hearing.

The mistake of the counsel of the defendant, in the present proceeding, is in treating this as a bill to correct errors of law upon the face of the record, which the plaintiffs might prosecute as a matter of right, instead of a bill issued in the sound discretion of the court, upon a petition to permit the plaintiffs to show what occurred at and after the trial that prevented them from presenting the questions of law on their original appeal. This distinction sufficiently appears in *Elliott* v. *Balcom*, 11 Gray, 286, *Richardson* v. *Lloyd*, 99 Mass. 475, and 16 Cyc. 524–534. The principle applicable in the present case is the same as that which governs bills of review founded on newly discovered evidence. The evidence objected to was rightly admitted. R. L. c. 175, § 68. *Mulrey* v. *Carberry*, 204 Mass. 378.

*Exceptions overruled.*