WILLIAM J. WELCH *vs.* H. LINCOLN CHASE & others.

Norfolk.    December 13, 1912. — January 29, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Review. Practice, Civil,* Exceptions, Rulings and instructions, New trial. *Laches.*

The granting of a writ of review is a matter of judicial discretion, and, although erroneous rulings of law made at a hearing upon a petition for the writ are subject to exception, no exception lies to the exercise by a judge of his discretionary power to determine whether, in view of all the circumstances and the situation of the parties interested, it is just and equitable to grant the writ.

At a hearing upon a petition for a writ of review, no exception lies to the refusal of the trial judge to rule, that if certain facts are found the petitioner is entitled to have the writ granted to him, even if the proof of such facts would have a strong bearing upon his right to a review, because there is no absolute right to have the writ granted and other considerations properly might affect the exercise of the discretion of the trial judge.

At a hearing upon a petition for a writ of review, as in other proceedings, the trial judge cannot be required to make a ruling upon a detached portion of the evidence.

Delay in filing exceptions in an action at law after the expiration of an extension of the time allowed for such filing may constitute laches on the part of a petitioner for a writ of review of the judgment in such action, although such petitioner otherwise may have good reason for applying for a writ of review and little wrong or injury may have resulted to the adverse party from the delay.

The denial of a motion for a new trial or hearing upon a petition for a writ of review is a matter of judicial discretion and is not subject to exception.

PETITION, filed on February 12, 1908, for a writ of review of a judgment for the defendants in an action of tort, which was brought by the petitioner as plaintiff and was tried before *Hardy,* J., who ordered a verdict for the defendants. The judge denied a motion of the plaintiff for a new trial and also denied a motion of the plaintiff to be allowed to file exceptions after the expiration of an extension by agreement of the time allowed for filing such exceptions.

There was a hearing on the petition before *Pierce,* J. The petitioner asked the judge to make the following rulings:

"1. Relief ought to be granted if judgment was rendered against the petitioner by reason of his failure to file his bill of exceptions within the time prescribed by law and his failure was due to a misapprehension of law, and it also appears that his application is otherwise reasonable and just.

"2. The petitioner would not be guilty of laches by reason merely of delay in the filing of his bill of exceptions if his application for a writ of review is founded on sufficient reason, good faith and conscience.

"3. Delay in the filing of the bill of exceptions and the entry of judgment against him would not constitute laches on the petitioner's part if the respondents fail to show in consequence thereof any serious wrong or injury resulting necessarily to themselves therefrom.

"4. On a petition for a writ of review relief ought to be granted if it appear that the rights of the petitioner on the trial of the merits were not properly protected or safeguarded and an error of law by the court appears, or if to dismiss the petition would result in a miscarriage of justice."

The judge refused to make any of the rulings requested, and ordered that the petition be dismissed. The petitioner alleged exceptions.

Later the petitioner filed a petition for a new trial upon his petition for a writ of review, alleging that he should have been granted a writ of review because errors of law were disclosed by the record in the action of tort brought by the petitioner and also alleging the existence of newly discovered evidence to be presented in such action of tort. *Pierce,* J., denied the motion for a new trial upon the petition for a writ of review; and the petitioner alleged exceptions.

*W. J. Welch, pro se.*

*F. G. Katzmann,* for the respondent McLaughlin.

*P. O'Laughlin,* for the respondent Johnson.

*R. Frothingham & J. P. Jackson, Jr.,* for the respondents Channing and Chase.

SHELDON, J. The petitioner asked for a review of a judgment which had been rendered against him in favor of the respondents in an action of tort which he had brought against them. After a hearing before a judge of the Superior Court his petition was disallowed and dismissed. He has alleged exceptions to this dismissal and to the refusal of the judge to give four rulings requested by the petitioner at the hearing.

It is settled that the first exception cannot be sustained. It was for the judge who heard the petition to determine as a matter of sound judicial discretion whether a review should be granted. No exception lies to the exercise of this discretion. If in the course of the hearing any erroneous rulings were made, either in the admission or exclusion of evidence or in passing upon any other question of law that became material, these may be brought before us upon exceptions. But the exercise of his discretionary power to determine whether, in view of all the circumstances shown before him and the situation and position of the parties interested, it is just and equitable to review proceedings which have been concluded in a court of justice, is, if no specific errors have been committed, final. It is enough to cite two of the many decisions which have settled this rule. *Stillman* v. *Donovan,* 170 Mass. 360. *Parke* v. *Murdock,* 177 Mass. 453.

The rulings asked for by the petitioner were rightly refused. The first and fourth of his requests went upon the ground that if certain facts were found which might have a bearing, some of them a strong bearing, upon his right to a review, then he was entitled to have his petition granted, independently of all other considerations and independently of any exercise of discretion on the part of the presiding judge. This could not be so, for the reason already stated.

The second and third of his requests dealt with only a part of the evidence which was before the court, and asked for rulings upon only a detached portion of the case, which of course cannot be required. *Bourne* v. *Whitman,* 209 Mass. 155, 164. Moreover,

delay to file exceptions in a case before the expiration of the time which has been limited therefor may constitute laches, however good reason the party at fault may have for applying for a writ of review, and however little wrong or injury may have resulted to the party opposing the issue of such a writ.

The petitioner has excepted also to the denial of his petition for a new trial upon his application for a review. But this also is not a subject of exception. *Manzigian* v. *Boyajian*, 183 Mass. 125. *Boston Bar Association* v. *Scott*, 209 Mass. 200, 204. *Powers* v. *Bergman*, 210 Mass. 346. *Lopes* v. *Connolly*, 210 Mass. 487, 496.

All other matters which have been argued are covered by what has been said. It is not for us to weigh the merits or demerits of the petitioner's claims against the respondents, but only to consider whether any errors of law are shown by his exceptions. As we find no such errors, the exceptions must be overruled.

*So ordered.*